USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/27/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ONANEY POLANCO, Individually and as Parent and Natural Guardian of A.D.,

      Plaintiff,

-against-

RICHARD CARRANZA, in his Official Capacity as Chancellor of the New York City Department of Education; NEW YORK CITY DEPARTMENT OF EDUCATION; and NEW YORK STATE EDUCATION DEPARTMENT,

      Defendants.

1:19-cv-08870-MKV

**OPINION AND ORDER DISMISSING THE COMPLAINT**

---

MARY KAY VYSKOCIL, United States District Judge:

  This action concerns an alleged violation of the "stay-put" provision of the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1415(j). In October 2019, Judge Batts, to whom this case was originally assigned, stayed the case pending the outcome of three appeals pending before the Second Circuit which directly addressed issues raised by this case. After the Second Circuit decided those appeals, Defendants New York City Department of Education (the "DOE") and Richard Carranza, then Chancellor of the DOE (collectively, "Defendants"), requested by letter to the Court that this case be dismissed in light of the Second Circuit's decisions. The Court lifted the stay and, because the parties' submissions in connection with Plaintiff's earlier application for a preliminary injunction pre-dated the Second Circuit's relevant decisions, ordered that the parties submit revised briefing. Now, for the reasons discussed below, the Court DISMISSES the Complaint for failure to state a claim upon which relief can be granted.

1

**BACKGROUND**

A. **IDEA Statutory Framework**

The IDEA grants federal funds to states that provide a free appropriate public education ("FAPE") to all disabled children residing in the state. 20 U.S.C. § 1412(a)(1)(A). Under the IDEA, states must develop, review, and revise an "individualized education program" ("IEP") for each child with a disability. *Id.* § 1412(a)(4). The IEP must be "reasonably calculated to enable the child to receive educational benefits." *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 151 (2d Cir. 2014) (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982)).

Under the IDEA, states must establish "an administrative review process for parents who are dissatisfied with their child's education and wish to challenge the adequacy of the child's IEP." *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 525–26 (2d Cir. 2020). The State of New York has implemented a two-tier system of administrative review, under which dissatisfied parents (1) first can file an administrative "due process complaint" challenging their child's IEP and request a hearing before an impartial hearing officer (an "IHO"), and (2) if dissatisfied with the decision of the IHO, thereafter can appeal the IHO's decision to a state review officer (an "SRO"). *Id.* An aggrieved party may then seek judicial review of the SRO's final decision. *Id.*

The "pendency" or "stay-put" provision of the IDEA, at issue in this case, provides that "while the administrative and judicial proceedings are pending and 'unless the school district and the parents agree otherwise,' a child must remain, at public expense, 'in his or her then-current educational placement.'" *Id.* (quoting *Mackey ex rel. Thomas M. v. Bd. of Educ. for the Arlington Cent. Sch. Dist.*, 386 F.3d 158, 160 (2d Cir. 2004)). "The term 'educational placement' refers 'only to the general type of educational program in which the child is placed'—*i.e.*, 'the classes, individualized attention and additional services a child will receive.'" *Id.* (first quoting *Concerned*

*Parents v. N.Y.C. Bd. of Educ.*, 629 F.2d 751, 753 (2d Cir. 1980); then quoting *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 419 (2d Cir. 2009)).

Parents who *unilaterally* change their child's placement during the pendency of administrative proceedings and pay out of pocket "can obtain retroactive reimbursement from the school district after the IEP dispute is resolved," provided they satisfy a three-part test, commonly known as the *Burlington-Carter* test. *Id.* (citing *E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 451 (2d Cir. 2014)). Under the *Burlington-Carter* test, parents can obtain retroactive reimbursement if " '(1) the school district's proposed placement violated the IDEA' by, for example, denying a FAPE to the student because the IEP was inadequate; (2) 'the parents' alternative private placement was appropriate'; and (3) 'equitable considerations favor reimbursement.' " *Ventura de Paulino*, 959 F.3d at 526–27 (quoting *T.M.*, 752 F.3d at 152; and citing *E.M.*, 758 F.3d at 451). However, parents who make that unilateral decision to change their child's placement "without the consent of state or local school officials, do so at their own financial risk." *Sch. Comm. of Town of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 374 (1985).

### B. Factual Background[1]

Plaintiff Onaney Polanco ("Plaintiff") is a parent of A.D., an eight-year-old boy who suffers from a brain injury. [ECF No. 1] ("Compl.") ¶¶ 6–7. A.D. is nonverbal and nonambulatory and has developmental impairments that adversely affect his educational abilities and performance. Compl. ¶ 8. A.D. therefore requires a high degree of individualized attention, instruction, and intervention. Compl. ¶ 8. Because A.D. is a disabled student, the DOE must provide him with a

---

[1] The following facts are adduced from the Complaint. [ECF No. 1] ("Compl."). The Court is "constrained to accept as true the factual allegations contained in the complaint and draw all inferences in plaintiff's favor." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006) (citing *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006)).

FAPE, pursuant to the IDEA, by providing an appropriate educational placement set forth in an IEP. Compl. ¶ 7. *See Ventura de Paulino*, 959 F.3d at 525.

In June 2019, A.D.'s parents informed the DOE of their intent to continue A.D.'s enrollment at iBRAIN, to which the parents previously unilaterally had transferred A.D. from iHOPE,[2] and seek public funding for his tuition for the 2019–2020 school year. Compl. ¶ 19. The following month, in July 2019, A.D.'s parents filed a due process complaint alleging that the DOE failed to provide A.D. with a FAPE for the 2019–2020 school year and requested a "stay-put" order. Compl. ¶ 22. Although an IHO was assigned to the due process proceeding, the IHO abstained from making a pendency determination for A.D. for the 2019–2020 school year, citing the pending appeal in *Ventura de Paulino v. New York City Department of Education*, *appeal filed* No. 19-1662-cv (2d Cir. June 3, 2019) where a decision was expected from the Second Circuit. *See* [Case No. 1:21-CV-10927 (MKV) at ECF No. 29].

Several months later, in September 2019, Plaintiff commenced this action, alleging that the DOE failed to provide A.D. a pendency placement for the 2019–2020 school year, in violation of the stay-put provision of the IDEA, 20 U.S.C. § 1415(j), and New York Education Law §§ 4404 and 4410. Compl. ¶¶ 41–42. Simultaneous with the filing of the Complaint, but before service on Defendant, Plaintiff applied by Proposed Order to Show Cause Without Emergency Relief for a Preliminary Injunction, seeking pendency funding for A.D.'s tuition at iBRAIN for the 2019–2020

---

[2] The Court is mindful of the "curious set of facts" noted by the Second Circuit in *Ventura de Paulino* that underly the voluminous proceedings in this District involving iBRAIN and iHOPE, another private school for children with traumatic brain injuries. *Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519, 528 (2d Cir. 2020). In these iHOPE to iBRAIN cases, the parents or guardians of the students with disabilities unilaterally transferred their children from iHOPE to iBRAIN for the 2018–2019 school year. *Id*. The vast majority of these plaintiffs are represented by Plaintiff's counsel in this case. *Id*. As the Second Circuit recently noted, "[t]he arguably unusual circumstances surrounding the mass exodus of students from iHOPE to iBRAIN were thoroughly described by [another judge in this District] in one of the many iHOPE-to-iBRAIN-pendency cases." *Id*. (citing *Ferreira v. N.Y. City Dep't of Educ.*, No. 19-cv-2937 (JMF), 2020 WL 1158532, at *2 n.1 (S.D.N.Y. Mar. 6, 2020) (denying the parent's motion for summary judgment and application for preliminary injunction and granting the City's cross-motion for summary judgment), *aff'd*, No. 20-908, 2020 WL 8838249 (2d Cir. Nov. 4, 2020)).

school year. *See* Compl., Prayer for Relief; [ECF No. 3, Memorandum in Support of Proposed Order to Show Cause Seeking Preliminary Injunction] ("Pl. OTSC Mem.") [ECF No. 4, Proposed Order Show Cause] ("Proposed OTSC"); [ECF No. 5, Declaration of Allison L. Corley in Support of Order to Show Cause] ("Corley Decl."). In other words, Plaintiff moved for a preliminary injunction seeking a pendency order directing the DOE to fund iBRAIN while the administrative due process proceeding for the 2019–2020 school year was ongoing. Judge Batts—to whom the case was initially assigned—did not sign Plaintiff's Proposed Order to Show Cause and instead, in October 2019, *sua sponte* issued an Order staying this matter pending the resolution of three cases under consideration by the Second Circuit, including *Ventura de Paulino*, that raised "issues directly governing the disposition of this case." [ECF No. 16] ("Batts, J. Stay Order").[3]

In May 2020, the Second Circuit issued its opinion in *Ventura de Paulino*. 959 F.3d 519 (2d Cir. 2020)[4] After the publication of *Ventura de Paulino*, the IHO assigned to Plaintiff's due process proceedings for the 2019–2020 school year denied Plaintiff's request for pendency funding at iBRAIN for that year (the "July 2020 IHO Decision") based on the Second Circuit decision, [ECF No. 23] ("Defs.' Dismissal Letter Request") at 3, concluding that iHOPE, the educational institution at which A.D. was previously enrolled—and not iBRAIN—was the last agreed upon educational placement for A.D. *See Polanco v. Porter*, No. 1:21-CV-10927 (MKV), 2023 WL

---

[3] Soon after this case was reassigned to the undersigned after Judge Batts died, Plaintiff filed a letter motion requesting that the Court lift the stay of this case. [ECF No. 20] ("Pl.'s First Letter Motion"). Defendants filed a letter in opposition to lifting the stay [ECF No. 21] ("Defs.' Letter Resp."), and Plaintiff filed a reply letter [ECF No. 22] ("Pl.'s Letter Reply"). Because the Second Circuit had not yet ruled on the three cases on which Judge Batts had based the stay, the Court did not lift the stay in response to Plaintiff's request.

[4] *Ventura de Paulino* consolidated two of the three relevant cases on appeal. The third was disposed of by a summary order issued the same day. *See Mendez v. N.Y.C. Dep't of Educ.*, 804 F. App'x 105 (2d Cir. 2020) (summary order).

2751340, at *3 (S.D.N.Y. Mar. 31, 2023) (the "Related Action"); *see also* Related Action at [ECF No. 29].[5]

Around the same time, Defendants filed a letter in this action seeking dismissal in light of the Second Circuit decision in *Ventura de Paulino*, arguing that "Plaintiff's claim is grounded in the exact same theory of pendency" that the Second Circuit rejected—that is, "the purported 'substantial similarity' between the educational programs at iHope and iBrain." *See* [ECF No. 23], Defs.' Dismissal Request Letter at 2. In addition, Defendants noted several cases in which courts in this District have dismissed factually similar iHOPE-to-iBRAIN cases under the holding in *Ventura de Paulino*. *Id*. Plaintiff filed a letter in response arguing, as discussed more fully below, that *Ventura de Paulino* does not foreclose the relief sought in this action. *See* [ECF No. 24] ("Pl.'s Letter Resp.").

The Court lifted Judge Batts' Stay Order that had been in place in this action and ordered that the parties submit revised briefing on Plaintiff's request for injunctive relief and Defendant's letter request to dismiss since the original briefing pre-dated *Ventura de Paulino*. [ECF No. 25]. Plaintiff submitted a Supplemental Memorandum of Law in Support [ECF No. 29] ("Pl. Supp.

---

[5] Plaintiff did not appeal this July 2020 IHO Decision. Subsequently, in a May 2021 Findings of Fact and Decision ("FOFD"), the IHO concluded *on the merits* that the DOE had indeed provided A.D. with a FAPE for the 2019–2020 school year. *Polanco*, 2023 WL 2751340, at *3; *see* Certified Administrative Record 13–26 [Case No. 1:21-CV-10927 (MKV) at ECF No. 15] ("Admin. Rec."). Plaintiff then appealed the May 2021 FOFD for SRO review. But because Plaintiff untimely served the DOE with her verified request for SRO review, the SRO dismissed Plaintiff's appeal on timeliness grounds. 2023 WL 2751340, at *3; Admin. Rec. 7–11. Plaintiff thereafter filed a separate, Related Action in this Court, *see Polanco v. Porter*, No. 1:21-CV-10927 (MKV), 2023 WL 2751340, at *3 (S.D.N.Y. Mar. 31, 2023) (the "Related Action"), seeking review of the SRO's decision to dismiss the appeal. In March 2023, this Court concluded that Plaintiff did not exhaust her administrative remedies because she failed to timely file a petition for review with the SRO, and therefore, the Court lacked subject matter jurisdiction to review the SRO's decision. *Id*. at *5. As such, the Court granted the DOE's motion for summary judgment. *Id*. In that Related Action, Plaintiff referenced *this* case, expressing that "[a]lthough the[se] cases seemingly overlap, it is important to highlight that [this action] seeks a pendency determination," but in the Related Action, Plaintiff merely "pose[d] relief in the *form* of pendency." *Id*. The Court noted that "[t]his is a distinction without a difference," and declined Plaintiff's invitation to consider A.D.'s pendency placement in the Related Action, which is specifically at issue in *this* case. *Id*.

Mem."). Defendants filed an Opposition [ECF No. 35] ("Def. Supp. Opp."), and Plaintiff filed a Reply [ECF No. 36] ("Pl. Supp. Reply").

## DISCUSSION

*Ventura de Paulino* is indeed dispositive of this case and makes clear that Plaintiff fails to state a claim upon which relief can be granted. In *Ventura de Paulino*, a factually similar case, the Second Circuit found that parents who unilaterally moved their children from iHOPE to iBRAIN prior to the beginning of the 2018–2019 school year—as Plaintiff did here—were not entitled under the IDEA's stay-put provision to receive public funding for their children's placement at iBRAIN during the pendency of their due process proceedings. 959 F.3d at 525, 537. The Second Circuit explained that, for purposes of pendency funding, the DOE was only required "to continue funding whatever educational placement was *last agreed upon* for the child until the relevant administrative and judicial proceedings are complete." *Id*. at 531 (emphasis added) (quoting *T.M.*, 752 F.3d at 171).

Here, too, A.D.'s parents unilaterally moved A.D. from iHOPE to iBRAIN prior to the start of the 2018–2019 school year and now seek to have the DOE fund A.D.'s educational placement at iBRAIN during the pendency of their *succeeding* 2019–2020 due process complaint. Plaintiff contends—as the plaintiffs did in *Ventura de Paulino*—that iBRAIN's educational program is substantially similar to the educational program at iHOPE, for which the IHO had previously ruled the DOE must pay. Compl. ¶¶ 19, 22. *Ventura de Paulino* makes clear that the DOE is not required to fund pendency placement at iBRAIN. Specifically, the Second Circuit held:

> Regardless of whether iBRAIN's educational program is substantially similar to that offered previously at iHOPE, the IDEA does not require the City to fund the Students' program at iBRAIN during the pendency of their IEP dispute.

7

*Id.* at 525. This is because "when the Parents unilaterally enrolled the Students at [iBRAIN], the Parents did so at their own financial risk." *Id.* Indeed, the Second Circuit did not explicitly reject the substantial similarity standard for determining whether a placement is appropriate for the purposes of pendency, "as that has been the standard in the Second Circuit since [1980 when the Circuit decided] *Concerned Parents & Citizens for Continuing Education at Malcolm X (PS 79) v. New York City Board of Education*, 629 F.2d 751 (2d Cir. 1980)." *Id.* In *Concerned Parents*, the Circuit held that the transfer *by the DOE* of disabled children at one school to a substantially similar class at a different school within the same school district does not constitute a "change in placement" sufficient to trigger the IDEA's prior notice and hearing requirements. 629 F.2d at 753.

In *Ventura de Paulino*, the Second Circuit did, however, explicitly reject the position "that because a *school district* can move a child to a new school that offers the same general level and type of services without violating the IDEA's stay-put provision, *a parent* is likewise authorized to invoke the stay-put provision to require the school district to pay for a new school identified by the parent so long as the new school offers substantially similar educational services." *Ventura de Paulino*, 959 F.3d at 533. In other words, *Ventura de Paulino* expressly held that while the DOE can invoke the substantial similarity standard, parents—like Plaintiff—cannot do so unilaterally. *Id.*; *see also Melendez v. N.Y.C. Dep't of Educ.*, Nos. 19 Civ. 2928 (ER), 19 Civ. 8726 (ER), 20 Civ. 823 (ER), 20 Civ. 1464 (ER), 2020 WL 4273907, at *6 (S.D.N.Y. July 24, 2020). Ultimately, it is the DOE who "has the authority to decide how a child's last agreed upon educational program is to be provided at public expense during the pendency of the child's IEP dispute." *Id.* at 523.

Here, Plaintiff attempts to avoid the clear import of *Ventura de Paulino* by relying on a November 2018 Interim Pendency Order relating to a *prior* school year not at issue here. Specifically, that 2018 Interim Order found that notwithstanding the fact that A.D.'s parents had

8

*unilaterally* switched A.D. from iHOPE to iBRAIN for the 2018–2019 school year, iBRAIN constituted A.D.'s stay-put placement during the pendency of the 2018–2019 school year due process proceeding. That ruling improperly was premised on the IHO's finding that A.D.'s unilaterally selected educational program at iBRAIN was "substantially similar" to his educational program at iHOPE. Compl. ¶ 16.

Seeking to avoid the explicit holding in *Ventura de Paulino* that holds parents may not unilaterally select their child's pendency placement on "substantial similarity" grounds, Plaintiff's counsel confuses the record by conflating two separate pendency proceedings for two entirely different academic years. As previously noted, the IHO assigned to Plaintiff's 2019–2020 due process complaint—the school year at issue in *this* case—specifically *abstained* from making a pendency determination for A.D. for the 2019–2020 school year, citing the pending appeal in *Ventura de Paulino*.[6] *See* [Case No. 1:21-CV-10927 (MKV) at ECF No. 29]. In any event, having *unilaterally* moved A.D. from iHOPE to iBRAIN for the preceding 2018–2019 school year, Plaintiff was not, at that time, entitled to funding from the DOE on the basis that the two schools are substantially similar. *See Ventura de Paulino*, 959 F.3d at 534; *Mendez v. N.Y.C. Dep't of Educ.*, 19-cv-02945 (ALC), 2020 WL 6048203, at *2 (S.D.N.Y. Oct. 13, 2020) (rejecting identical argument in iHOPE-to-iBRAIN case); *Melendez*, 2020 WL 4273907, at *6 (same); *Collado v. N.Y.C. Dep't of Educ.*, 19 Civ. 2943 (AJN), 2020 WL 2792990, at *3 (S.D.N.Y. May 29, 2020)

---

[6] Plaintiff, perhaps conveniently, omits this fact from her Complaint in this action. Plaintiff did, however, admit this fact in a Rule 56.1 Statement filed in the Related Action, discussed *supra*, which involved the same exact set of underlying facts at issue in this case, and sought review of the SRO's ruling that Plaintiff's appeal from the IHO's May 2021 FOFD which denied pendency placement at iBRAIN for the 2019–2020 school year, was untimely. *See* [Case No. 1:21-CV-10927 (MKV) at ECF No. 29]. "In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case sub judice." *Jianjun Lou v. Trutex, Inc.*, 872 F. Supp. 2d 344, 350 n.6 (S.D.N.Y. 2012); *see also Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of pleading in another lawsuit). The Court may also "take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006) (internal quotation marks and citation omitted).

(same); *Navarro Carrillo v. N.Y.C. Dep't of Educ.*, No. 20 Civ.1657 (ARR) (RLM), 2020 WL 2542236, at *2 (E.D.N.Y. May 19, 2020) (same). So, too, Plaintiff having *unilaterally* decided to continue their child A.D.'s enrollment at the unilaterally selected transferee school iBRAIN for the following 2019–2020 school year notwithstanding the pending appeal in *Ventura de Paulino*, and notwithstanding the IHO's decision to abstain from making a pendency determination for A.D. for the 2019–2020 school year pending the decision in *Ventura de Paulino*, Plaintiff is not entitled to funding from the DOE on the basis that the two schools are substantially similar. *See Ventura de Paulino*, 959 F.3d at 534.

Plaintiff also attempts to distinguish this case from *Ventura de Paulino* by arguing that because the DOE did not appeal the November 2018 Interim Pendency Order which found that iBRAIN constituted A.D.'s pendency placement during an *earlier* school year, the Court should find that the 2018 Pendency Order constitutes an "agreement" on pendency, establishing pendency in the subsequent 2019–2020 school year due process proceeding until another pendency-setting event occurs. This argument fails for two reasons.

First, the precise question of "whether an unappealed decision *on pendency* by an IHO constitutes a decision on the merits of the pendency placement and therefore constitutes an agreement on pendency, establishing pendency in subsequent due process proceedings until another pendency-setting event occurs . . . appears to be an issue of first impression." *R.S. by & through C.S. v. N.Y.C Dep't of Educ.*, No. 21-CV-10596 (LJL), 2023 WL 2368987, at *7 (S.D.N.Y. Mar. 6, 2023). But case law strongly suggests that pendency decisions (*i.e.*, interim decisions) in one proceeding may not serve as the basis for pendency in *future*, subsequent proceedings, because to represent an agreement between the parties, the unappealed decision upon which pendency may be based must be a *final* decision *on the merits*. *See e.g.*, *Mackey ex rel. Thomas M. v. Bd. of Educ.*

10

*For Arlington Cent. Sch. Dist.*, 386 F.3d 158, 163 (2d Cir.), *supplemented sub nom. Mackey v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 112 F. App'x 89 (2d Cir. 2004) ("[A]n *SRO decision that agrees with the parents* that a change of placement is appropriate . . . must be treated as such an agreement.") (emphasis added); *Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 483–84 (2d Cir. 2002) ("[O]nce the parents' challenge [to a proposed IEP] *succeeds* . . . consent to the private placement is implied by law, and the requirements of [the stay-put provision] become the responsibility of the school district."); *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 86 F. Supp. 2d 354, 366 (S.D.N.Y. 2000) ("Once *the SRO rendered its decision*, there was an 'agreement' changing [the student's] pendent placement") (emphasis added); *Ferreira v. New York City Dep't of Educ.*, No. 20 Civ. 9849, 2023 WL 2499261, at *2 (S.D.N.Y. Mar. 14, 2023) ("An 'agreement' between parents and a school district that creates or modifies a pendency placement can occur by *actual* agreement of the parties, by a *final* administrative decision, or by *determination of a court* on appeal from an SRO's decision.") (emphasis added); *Carrillo v. Carranza*, No. 20 Civ. 4639 (CM), 2021 WL 4137663, at *4 (S.D.N.Y. Sept. 10, 2021), *aff'd sub nom. Navarro Carrillo v. New York City Dep't of Educ.*, No. 21-2639, 2023 WL 3162127 (2d Cir. May 1, 2023).

Here, Plaintiff concedes that the November 2018 Interim Pendency Order in connection with A.D.'s earlier 2018–2019 school year was not a final order on the merits of the underlying due process complaint, but rather an *interim* pendency order. Compl. ¶¶ 15–16. Plaintiff further concedes that the actual due process proceeding for the 2018–2019 school year concluded in a subsequent September 2019 IHO Decision that dismissed Plaintiff's due process claim "for mootness only," and "did not affirmatively rule on the merits" of a pendency placement for the 2018–2019 school year. Compl. ¶ 18; Pl. Supp. Mem. at 3; Pl. Supp. Reply at 6. Accordingly, Plaintiff—without expressly stating so—in effect concedes that the sole interim pendency decision

from an *earlier* academic year upon which she attempts to hinge her claim for pendency in a *subsequent* year was never conclusively and finally decided on the merits. While the question may be one of first impression, to find otherwise would undermine the clear import of *Ventura de Paulino*, which holds that when parents who are dissatisfied with their child's education unilaterally enroll their children in a private educational placement pending a due process complaint, they do so at their own financial risk. *Ventura de Paulino*, 959 F.3d at 526, 534.

Second, Plaintiff's reliance on the November 2018 Pendency Order ignores that the term "educational placement" in which "a child must remain, at public expense" "while the administrative and judicial proceedings are pending" does not refer to a *specific* institution (*i.e.*, iHOPE or iBRAIN), but refers " '*only* to the general type of educational program in which the child is placed'—*i.e.*, 'the classes, individualized attention and additional services a child will receive.' " *Ventura de Paulino*, 959 F.3d at 526 (first quoting *Concerned Parents*, 629 F.2d at 753; then quoting *T.Y.*, 584 F.3d at 419). In other words, Plaintiff cannot argue that by virtue of the November 2018 Interim Pendency Order—which found that iBRAIN constituted A.D.'s pendency placement during a *prior* school year—necessitates a finding that iBRAIN *specifically* constitutes A.D.'s "educational placement" for a separate and subsequent year. Instead, it is the DOE that "has the authority to decide *how* a child's last agreed upon educational program is to be provided at public expense during the pendency of the child's IEP dispute." *Ventura de Paulino*, 959 F.3d at 523 (emphasis added). For all these reasons, Plaintiff simply cannot rely on the November 2018 Interim Pendency Order relating to an *earlier* academic year to establish A.D.'s pendency for the 2019–2020 school year.

Furthermore, although Plaintiff appears to have abandoned the argument in the most recent briefing, Plaintiff also previously argued that iHOPE was unavailable to A.D. for the 2019–2020 school year because the school is purportedly vastly different from when A.D. was first enrolled there due to changes in the composition of its student body, staff, and administration.[7] Pl.'s Letter Resp. at 3–4. Plaintiff argued that, as such, A.D. could not receive at iHOPE "the educational program (pendency placement) to which he was entitled for purposes of pendency." *Id.* at 4. Plaintiff's unavailability argument is premised on footnote 65 in *Ventura de Paulino*, in which the Second Circuit stated, "We do not consider here, much less resolve, any question presented where the school providing the child's pendency services is no longer available and the school district either refuses or fails to provide pendency services to the child. Those circumstances are not present here." 959 F.3d at 534 n.65.

The Court is not persuaded by Plaintiff's unavailability argument and presumes Plaintiff did not continue to press this argument in light of recent Second Circuit precedent. First, a panel of the Second Circuit and at least two other courts is this District have already rejected this argument in similar iHOPE-to-iBRAIN cases. *See Neske v. N.Y.C. Dep't of Educ.*, 824 F. App'x 81, 82 (2d Cir. 2020) (citation omitted) ("But that situation [in footnote 65] is no more present here than it was in *Ventura de Paulino*. In both appeals, iHOPE continued to be available to the students at issue and the City did not refuse or fail to provide pendency services at iHOPE; rather, the

---

[7] As the Second Circuit observed in *Ventura de Paulino*:

> It has been alleged that, during the summer of 2018, there was a split between the original founders and some of the iHOPE board over whether iHOPE should admit students with disabilities besides traumatic brain injuries, and that the original founders and some of the administration were ousted from iHOPE. [One of the ousted members] left iHOPE and became the founder and registered agent of iBRAIN. [This individual] also happens to be the founder of the Brain Injury Rights Group, the law firm representing the Parents in these tandem cases and the other plaintiffs seeking public funding from the City for iBRAIN's tuition and related services.

959 F.3d at 528–29 (cleaned up).

plaintiffs unilaterally moved their children from their pendency placement to a new private school." (citing *Ventura de Paulino*, 959 F.3d at 527)); *Mendez*, 2020 WL 6048203, at *2 (internal citation omitted) (rejecting Plaintiff's argument under footnote 65 because Plaintiff "admit[ted] that iHOPE still exists and that iHOPE was A.C.'s pendency placement"); *Melendez*, 2020 WL 4273907, at *7 ("These cases, as they are currently before the Court, do not present the extraordinary circumstances contemplated by *Ventura de Paulino*.").

Second, Plaintiff does not allege in the Complaint the unavailability of iHOPE as A.D.'s pendency placement for the 2019–2020 school year, and the record is devoid of any evidence that iHOPE was unavailable to A.D. or incapable of providing the educational services required by A.D. during the 2019–2020 school year. *See Neske*, 2020 WL 5868279, at *2 n.2 (declining to consider whether the case was distinguishable from *Ventura de Paulino* on the basis that iHOPE was unavailable because factual allegations of changes to the school were "not in [Plaintiffs'] complaint"); *see Melendez*, 2020 WL 4273907, at *7 ("Plaintiffs point to nothing in the record to suggest that iHope is not available or cannot provide J.C.'s pendency services. Nor have Plaintiffs made any showing that [the DOE] has refused to provide him any pendency services at all.").

At bottom, Plaintiff has failed to plausibly allege a violation of the stay-put provision and an entitlement to a pendency order requiring the DOE to pay for tuition at iBRAIN for the 2019–2020 school year.[8] As for Plaintiff's remaining claims under New York Education Law Sections

---

[8] The Court does not reach Plaintiff's "procedural violations" argument with respect to whether an SRO timely reviewed her 2019–2020 due process complaint because such argument (as Plaintiff explicitly acknowledges) goes to whether or not A.D. suffered "irreparable harm"—a necessary element to a request for a preliminary injunction. *Zvi D. by Shirley D. v. Ambach*, 694 F.2d 904 (2d Cir. 1982); *see* Pl. Supp. Mem. at 12 ("Failure to provide timely due process hearings constituted a denial of FAPE which resulted in per se harm to the students, thereby satisfying the irreparable injury requirement for a preliminary injunction."). Because the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, the Court does not reach the merits of Plaintiff's preliminary injunction application.

4404 and 4410, " 'absent the federal claim brought pursuant to the IDEA,' this Court 'lacks subject matter jurisdiction to adjudicate the state-law claims.' " *Collado*, 2020 WL 2792990, at *3 (quoting *Navarro Carrillo*, 2020 WL 2542236, at *2; and citing 28 U.S.C. §§ 1331, 1367).

## CONCLUSION

Based on the foregoing, the Court DISMISSES the Complaint for failure to state a claim upon which relief can be granted. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Date:  **September 27, 2024**          **MARY KAY VYSKOCIL**
       **New York, NY**                **United States District Judge**